**Jack MASSENGALE, et al., Appellants,**

v.

**Gwendolyn D. CAFRITZ, et al., Appellees.**

No. 82–460.

District of Columbia Court of Appeals.

Submitted Feb. 1, 1983.

Decided Feb. 4, 1983.*

\* The decision in this case was originally released as a Memorandum Opinion and Judgment but

James Fox, Washington, D.C., was on brief for appellants.

Thomas M. Shoesmith, Washington, D.C., was on brief for appellee Cafritz.

Austin P. Frum and Lizabeth A. McKibben, Washington, D.C., were on brief for appellee Arnold Wolfe.

Linda J. Soldo, Washington, D.C., was on brief for appellees Anthony Properties Corp., N.V. and WFL, Inc., t/a 1020 Nineteenth St. Associates.

Before KELLY, MACK and PRYOR, Associate Judges.

PER CURIAM:

Appellant Massengale filed a complaint against the current and previous owners of his housing accommodation, alleging that the owners and a contractor violated § 602(b) of the Rental Housing Act of 1977 in thwarting his attempts to purchase the real estate. On appeal, he contends that the trial court erroneously dismissed the complaint. We find his contentions to be without merit.

On February 7, 1980, appellee-owner Cafritz contracted with appellee Wolfe to sell the Gwenwood Apartments. As required by law, Cafritz notified the tenants of her intention to sell the building. The tenants soon organized and incorporated under the name "Gwenwood Apartments Tenants Association," (GATA) becoming an eligible organization under § 602(b). Although GATA indicated it wanted to negotiate to purchase the property, the negotiation proved unsuccessful and the GATA sued Cafritz for § 602(b) violation. By stipulation, this complaint was dismissed with prejudice. *Gwenwood Apartments Tenants' Association, Inc. v. Cafritz,* No. 8979–80 (D.C.Super.Ct. Dec. 5, 1980). Appellant's motion to be made a party-plaintiff to this suit, filed after the action was dismissed, was denied. Appellant then filed a complaint alleging that, because Cafritz refused to accept his offer to purchase the property,

is being published pursuant to the court's order granting appellees' motion to publish.

his § 602(b) right to first refusal was violated. The complaint was dismissed as to appellee for failure of service of process and dismissed as to Anthony Properties Corporation and Cafritz for failure to state a claim upon which relief can be granted.

The Rental Housing Act of 1977, § 602(b), D.C.Law 2–54, as amended, formerly codified at D.C.Code § 45–1699.9, was in effect at the time of this transaction.[1] According to this section, a landlord may sell a housing accommodation to a purchaser only after the landlord has given written notification to the tenants of the intent to sell and given the tenants' organization "with the legal capacity to hold real estate an opportunity to purchase the housing accommodation." If no such organization exists, the tenants have at least thirty days to form such an organization.

This section explicitly limits the right to purchase the housing to an eligible organization of tenants with the legal capacity to hold title to real estate. In *Rock Creek Gardens Tenants Association v. Ferguson,* 404 A.2d 972 (D.C.1979) (per curiam), we construed substantially identical language of an earlier § 602(b) provision and held an unincorporated association of tenants did not have such legal capacity and, therefore, did not have the right of first refusal to purchase property. We specifically stated that § 602(b) "does not give the right [of first refusal] to individual tenants." *Id.* at 974.

In order to properly assert a § 602(b) claim, therefore, it is necessary to allege that an eligible tenants' organization has not been given the opportunity to purchase the housing accommodation. Appellant, as an individual, has no right under § 602(b) to negotiate for or purchase the property. The court properly dismissed the complaint as to Cafritz and Anthony Properties for failure to state a claim upon which relief can be granted. Accordingly, we affirm as to these appellees. We dismiss as to the appellee Wolfe.

---

1. Appellant cites to the Rental Housing Conversion and Sale Act of 1980, D.C.Law 3–86, § 408, codified at D.C.Code § 45–1637 (1981) as authority for the proposition that an individual tenant has the right of first refusal. Section 45–1637 reads: "In addition to any other rights specified in this subchapter, a tenant or tenant organization shall also have the right of first refusal during the 15 days after an owner has received a valid sales contract or other written offer to purchase from a prospective purchaser." In addition to the fact that the 1980 Act became effective after the tenants were apprised of the owner's intention to sell and formed the tenants' association, § 411 (D.C.Code § 45–1640 (1981)) specifically states that, for accommodations with five or more units, the tenants, in order to make a contract of sale with an owner, shall form an organization with the legal capacity to hold real property. Thus, even if the 1980 Act were the governing statute, appellant, as an individual tenant, is not entitled to relief.